924

duction into evidence of the tickets written by Officer Meany. The notation on one of the tickets was introduced by the State to rebut defendants' statements that they were driving east when defendant McGhee was stopped. As rebuttal evidence, it was used to show the truth of the matter asserted, and therefore, is inadmissible hearsay. The police officer who made the notation had testified as to that issue in the State's case-in-chief, and therefore it is clear that the ticket is not admissible as past recollection recorded. The State does not dispute these conclusions, but argues that defense counsel stipulated to its introduction into evidence. We have reviewed the colloquy which ensued and have found it to be confusing, at best. We are of the opinion, however, that defense counsel did stipulate to its introduction into evidence, and thereby waived any error in its admission.

In view of our decision to reverse and remand for a new trial, we need not consider defendant Lowe's contention regarding excessiveness of his sentence.

Reversed and remanded for a new trial.

HAYES, P. J., and DOWNING, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD HUFF, Defendant-Appellant.

(No. 57460;

First District (2nd Division)—May 28, 1974.

Opinion by Mr. JUSTICE DOWNING.

James J. Doherty, Public Defender, of Chicago (Bradley Harris and Justine I. Knipper, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMMIE JOHNSON, Defendant-Appellant.

(No. 55983;

First District (4th Division)—May 22, 1974.

*Rehearing denied June 26, 1974.*